**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4815-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAAFIQ LEONARD, a/k/a
TYRONE DAYE, and FIQ LEONARD,

    Defendant-Appellant.

_____

        Submitted April 26, 2018 — Decided June 12, 2018

        Before Judges Simonelli and Rothstadt.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No. 06-
        06-1717.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Michele A. Adubato, Designated
        Counsel, on the brief).

        Robert D. Laurino, Acting Essex County
        Prosecutor, attorney for respondent (Lucille
        M. Rosano, Special Deputy Attorney General/
        Acting Assistant Prosecutor, of counsel and
        on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Raafiq Leonard appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant was convicted by a jury of first-degree carjacking, N.J.S.A. 2C:15-2(a)(2); second-degree conspiracy to commit a carjacking, N.J.S.A. 2C:15-2, N.J.S.A. 2C:5-2(a)(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a); first-degree robbery, N.J.S.A. 2C:15-1(b); third-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1). On October 12, 2007, the sentencing court imposed an aggregate sentence of twenty years, subject to a No Early Release Act, N.J.S.A. 2C:43-7.2, parole ineligibility period of eighty-five percent of his sentence.

Defendant appealed and we affirmed his convictions and sentence in a published opinion. State v. Leonard, 410 N.J. Super. 182, 190 (App. Div. 2009). The Supreme Court denied his petition for certification. State v. Leonard, 201 N.J. 157 (2010).

The facts underlying defendant's convictions are set forth in our earlier opinion and need not be repeated here. See Leonard, 410 N.J. Super. at 184-86.

Defendant filed a PCR petition on May 14, 2012, in which he argued ineffective assistance of trial and appellate counsel. The

A-4815-16T1

court dismissed the petition on June 27, 2012, after it found that it was procedurally barred by Rule 3:22-3 because it raised issues that we considered in defendant's direct appeal. Defendant did not appeal from that order.

Almost four years later, on January 14, 2016, defendant filed a second PCR petition in which he challenged the first PCR court's dismissal of his petition. A brief and amended petition were submitted later on behalf of defendant. In this brief, defendant argued that he received the ineffective assistance of trial and appellate counsel. He alleged that trial counsel failed to: subpoena defendant's "sole alibi-notice witness" to testify at trial, "object, request a [mistrial], or seek the strongest of curative instructions" in response to the prosecutor's "prohibited comments" to the jury about defendant's unemployment, and request an accomplice liability or lesser-included offense charge. As to appellate counsel, defendant claimed he failed to raise these same issues on appeal. Defendant also argued his second petition should not be procedurally barred because of the "improvident dismissal of" his first petition and "the importance of" his claims.

After considering counsel's oral argument on January 23, 2017, Judge John I. Gizzo entered an order on April 21, 2017, denying defendant's petition for PCR without an evidentiary hearing supported by a nineteen-page written decision. In his

decision, Judge Gizzo first addressed defendant's argument that his petition should be considered his first because the previous one was dismissed without assigning counsel to him. The judge rejected that argument as he found that the petition was time-barred under Rule 3:22-12 because the "case occurred eleven years ago[,]" and re-litigating the matter "would cause prejudice to the State[.]" Judge Gizzo also concluded that even if he considered defendant's second petition as his first, it was still procedurally barred by Rule 3:22-3 that prevents PCR petitions from being used as substitutes for appeals, Rule 3:22-4 that bars claims that could have been raised on direct appeal, and Rule 3:22-5 that bars the litigation of issues previously raised in prior proceedings.

Although Judge Gizzo found that defendant's claims were barred, he considered the merits of defendant's claims and found that defendant failed to establish a prima facie claim of ineffective assistance of either trial or appellate counsel. The judge concluded that counsel's actions were the result of acceptable trial strategy or, even if deficient, would not have changed the outcome of defendant's trial. Accordingly, the judge denied defendant's petition and request for an evidentiary hearing. This appeal followed.

Defendant presents the following issues for our consideration in his appeal.

POINT I

FAILURE OF THE PCR COURT TO GRANT THE DEFENDANT AN EVIDENTIARY [HEARING] ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE COUNSEL.

A. FAILURE TO SUBPOENA ALIBI WITNESS.

B. FAILURE OF COUNSEL TO TAKE ANY ACTION FOLLOWING THE PROSECUTOR'S IMPROPER AND PREJUDICIAL COMMENTS DURING SUMMATION.

C. FAILURE TO REQUEST AN ACCOMPLICE LIABILITY CHARGE.

D. FAILURE OF APPELLATE COUNSEL TO RAISE ISSUES ON APPEAL.

POINT II

THE DEFENDANT'S PETITION WAS NOT PROCEDURALLY BARRED.

Defendant filed a supplemental pro se brief in which he presents the following arguments:

POINT I

THE PCR COURT ERRED BY INVOKING THE PROCEDURAL BARS, WHEREFORE THE DECISION DENYING THE PCR APPLICATION SHOULD BE REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING.

POINT II

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF THE EFFECTIVE ASSISTANCE OF COUNSEL,

5

> WHEREFORE THE DENIAL OF THE PCR APPLICATION SHOULD BE REVERSED AND REMANDED.

We are not persuaded by any of these arguments, and conclude that they "are without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Gizzo in his comprehensive opinion as we agree that defendant's PCR arguments were procedurally barred and, in any event, he failed to make a prima facie showing of ineffectiveness of either trial or appellate counsel within the Strickland-Fritz[1] test and, therefore, an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 49 (1987).